IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| TAHITIAN NONI INTERNATIONAL, INC., <br><br> Plaintiff, <br><br><br> vs. <br><br><br> ROBERT L. DEAN, JR., TOP GUN INTERNATIONAL, INC., HERSCHEL GIBBS, BRIDGES INTERNATIONAL, INC., PREPROSPER, INC., NONI MATTERS, LLC, and DOES 1-10, <br><br> Defendants. | MEMORANDUM DECISION AND ORDER DENYING MOTION TO ENFORCE PRELIMINARY INJUNCTION <br><br><br><br><br> Case No. 2:09-CV-51 TS |

This matter is before the Court on Plaintiff Tahitian Noni International, Inc.'s ("TNI") Motion to Enforce Preliminary Injunction.[1]  Having determined that oral argument would not materially assist in the determination of this matter, the Court will decide the issues herein without oral argument.  For the reasons discussed below, the Motion will be denied.

The Preliminary Injunction was issued on January 26, 2009, and contained, in relevant part, the following language: "Until such time as Robert L. Dean, Jr. ceases to be an IPC for Tahitian

---

[1] Docket No. 21.

1

Noni International, Inc., Robert L. Dean, Jr. and Top Dog International shall not promote or sell any Tahitian Noni® brand liquid dietary supplement without prior written approval from Tahitian Noni International, Inc."[2] On January 26, 2009, Robert L. Dean sent a letter to TNI stating that the letter served "as formal notice of [his] resignation as an IPC from TNI, effective immediately."[3] TNI responded with a letter of its own, asserting that Dean's IPC Agreement remained "in full force and effect through at least May of 2009,"[4] the month during which Dean's one-year IPC Agreement would expire.

Dean argues that he is no longer an IPC, and is therefore not constrained by the provisions of clause 2 of the Preliminary Injunction. In support of this contention, Dean references the TNI Policy Manual and Compensation Plan (the "Manual"), which states that "[a]n IPC may terminate the IPC Agreement with TNI at any time."[5]

TNI responds that Dean and Top Dog International are still prohibited from selling any liquid dietary supplements either: (1) because the IPC Agreement does not expire until May 2009, and Dean's breach of the IPC Agreement has waived his right to early termination of the IPC Agreement; or (2) because TNI has the right to 30 days in which to process Dean's resignation letter, and the IPC Agreement remains in effect until the resignation is processed. In support of its first contention, TNI cites to two cases[6] and a treatise,[7] all of which relate to a party breaching a contract and then

---

[2]Docket No. 15 at 10.

[3]Docket No. 16, Ex. C at 3.

[4]Docket No. 16, Ex. B.

[5]Docket No. 16, Ex. G at 40, ¶ 1.

[6]*Roye Realty & Developing, Inc. v. Arkla, Inc.*, 1996 WL 87055, *8 (10th Cir. Feb. 28, 1996) ("if a party is in *total* breach of a contract or repudiates a contract, it loses its right to

attempting to avoid other contractual obligations.  In support of its second argument, TNI cites to the Manual, which states that termination by an IPC must be in writing, and that "[t]he termination will be processed within 30 days of receipt of the resignation notice."[8]

TNI has failed to provide sufficient factual and legal support for its contention that the actions taken by Dean deprive him of the contractual right to terminate his IPC Agreement with TNI. Therefore, construing any ambiguities against TNI, the drafter of the Manual,[9] the Court finds, for the purposes of this Motion, that Dean is entitled to resign *at any time*, in accordance with the language of the Manual, and that his resignation letter of January 26, 2009, is effective in terminating his position as an IPC with TNI.

It is therefore

ORDERED that Plaintiff Tahitian Noni International, Inc.'s Motion to Enforce Preliminary Injunction (Docket No. 21) is DENIED.

---

terminate that contract.") (emphasis in original); *Fischer v. Taylor*, 572 P.2d 393, 395 (Utah 1977) (finding that the party to commit the first material breach "cannot be heard to complain of a subsequent breach, nor can they take advantage of their own breach to escape contractual liability.").

[7]6 Arthur L. Corbin, *Corbin on Contracts* § 68.9, at 251 (2003) ("A party who has reserved a power of termination loses that power if it commits a total breach of the agreement and thereby discharges the other party.").

[8]Docket No. 16, Ex. G at 40, ¶ 2.

[9]*See Kellogg v. Metropolitan Life Ins. Co.*, 549 F.3d 818, 830 (10th Cir. 2008).

DATED   February 2, 2009.

                                        BY THE COURT:

                                        _____
                                        TED STEWART
                                        United States District Judge

4