IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| TAHITIAN NONI INTERNATIONAL, INC., a Utah Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>ROBERT L. DEAN, JR., et al.,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER GRANTING MOTION FOR ENTRY OF JUDGMENT AGAINST DEFENDANTS AND COUNTERCLAIMANTS<br><br><br>Case No. 2:09-CV-51 TS |

Before the Court is Plaintiff Tahitian Noni International, Inc.'s ("TNI") Motion for Entry of Judgment against Defendants and Counterclaimants ("Defendants/Counterclaimants").[1] Having considered the motion, the Court enters the following order.

---

[1] Docket No. 97.

## I. PROCEDURAL HISTORY

The Court granted the law firm Strong & Hanni's request to withdraw as counsel for Defendants/Counterclaimants on March 15, 2010.[2] The Court ordered Defendants/Counterclaimants, pursuant to the district's local rules, to inform the Court in writing of the name and address of their new attorney or of their intention to proceed pro se on or before April 5, 2010.[3] In the March 15, 2010 Order, the Court warned that if Defendants/Counterclaimants failed to comply, "TNI may nevertheless proceed with this action and the Court may consider appropriate sanctions against these individuals and entities on motion by TNI."[4]

Defendants/Counterclaimants failed to comply with the Order. On April 28, 2010, TNI filed a motion for order to show cause why the Court should not enter judgment against Defendants/Counterclaimants for their failure to comply with the March 15, 2010 Order.[5] The Court scheduled a hearing on TNI's Motion for Order to Show Cause for May 26, 2010. On May 24, 2010, the law firm Parr Brown Gee & Loveless entered an appearance on behalf of Defendants/Counterclaimants.

---

[2]Docket No. 60.

[3]*Id.*

[4]*Id.* at 3.

[5]Docket No. 64.

Following the hearing, the Court issued an order denying TNI's Motion for Order to Show Cause, but awarded TNI its attorney fees incurred in connection with filing the Motion.[6] The Court further warned Defendants/Counterclaimants that "if they fail to comply with all respects with this Order, and/or if they fail to comply in all respects with any future orders of this Court . . . the Court will impose appropriate sanctions against them, which may include entry of judgment against them and dismissal of their counterclaims."[7]

On October 13, 2010, the Court granted the law firm Parr Brown Gee & Loveless's request to withdraw as counsel for Defendants/Counterclaimants.[8] The Court once again ordered Defendants/Counterclaimants, pursuant to the District's local rules, to inform the Court in writing of the name and address of their new attorney or of their intention to proceed pro se on or before November 5, 2010.[9] In the October 13, 2010 Order, in bolded type, the Court warned that if Defendants/Counterclaimants failed to provide such notice, "**TNI may nevertheless proceed with this action and the Court will sanction those individuals or entities that fail to timely respond by entering judgment against them, dismissing their counterclaims with prejudice, and/or entering such other and further relief the Court may deem just and proper.**"[10] The

---

[6] Docket No. 89, at 2.

[7] *Id.* at 2-3.

[8] Docket No. 94.

[9] *Id.*

[10] *Id.* at 3.

Order was served on Defendants via certified mail on October 15, 2010 and email on October 18, 2010. To date, Defendants/Counterclaimants have not responded.

TNI has filed the present motion seeking entry of judgment against Defendants/Counterclaimants. Defendants/Counterclaimants have not responded to the motion.

## II. DISCUSSION

Fed.R.Civ.P. 16(f)(1)(c) provides that a court "may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney . . . fails to obey a . . . pretrial order."[11] Rule 37(b)(2)(A) provides for certain sanctions, including:

> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
> (iii) striking pleadings in whole or in part;
> (iv) staying further proceedings until the order is obeyed;
> (v) dismissing the action or proceeding in whole or in part;
> (vi) rendering a default judgment against the disobedient party; or
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.[12]

When determining the proper sanction the Court is to consider a number of factors, including: (1) the degree of actual prejudice to the plaintiff, (2) the amount of interference with the judicial process, (3) the culpability of the litigant, (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance, and (5) the efficacy of lesser sanctions.[13]

---

[11]Fed.R.Civ.P. 16(f)(1)(c).

[12]Fed.R.Civ.P. 37(b)(2)(A)(ii)-(vii).

[13]*Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992).

TNI's request for entry of judgment is consistent with Rules 16 and 37. The Court has repeatedly warned Defendants/Counterclaimants that failure to meaningfully participate in this litigation may result in entry of judgment against them. TNI has no other remedy for its claims in this case and is prejudiced by Defendants/Counterclaimants refusal to participate in these proceedings. Moreover, Defendants/Counterclaimants have demonstrated a pattern of failing to comply with this Court's Orders. Therefore, the Court will grant TNI's motion.

## III.  CONCLUSION

It is therefore

ORDERED that Plaintiff Tahitian Noni International, Inc.'s Motion for Entry of Judgment Against Defendants and Counterclaimants (Docket No. 97) is GRANTED. The Clerk of the Court is directed to enter judgment in favor of Plaintiff and against Defendants/Counterclaimants on all claims. The Court will set a hearing to determine damages by separate notice.

DATED   December 8, 2010.

BY THE COURT:

_____
TED STEWART
United States District Judge